GREEN, J.
delivered the opinion of the court.
The complainant, and defendant, executed to Samuel Cow-an, the following obligation, viz:
“Know all men by these presents, that we, William Kincaid and Thomas McLain, both of the County of Claiborne and State of Tennessee, do bind ourselves to Samuel Cowan, of the County of Campbell and State aforesaid, to settle with four of the heirs of John Kincaid, deceased, viz: James, Anna, Alfred and Sarah, as they become of age, all the amount thatwc *69 have not heretofore paid to the said Cowan, or his heirs, inasmuch as we have the money in our hands at this time; and Cowan hath given us the control of said children, as guardians, until they become of age, to the advantage of the said children, to the satisfaction of the said Cowan, the lawful guardian of said children. Given under our hands this 20th day of February, 1826. WILLIAM KINCAID [seal.]
THOMAS McLAIN [seal.]”
The complainant, Kincaid, files this bill against McLain and Cowan, to settle the amount due Cowan, as guardian, and to compel McLain to satisfy one half the amount. The bill al-ledges that the funds belonging to the wards of Cowan, were borrowed by the complainant and defendant, and used by each in equal proportion, for his own benefit, and that the defendant was to pay the one half thereof.
• The answer denies this statement of the bill, and insists that the money was borrowed for the use of the complainant alone, and that the defendant was only his surety in the obligation.
This transaction occurred many years ago, and the proof of the witnesses in relation to it, is very vague and inconclusive. But, the obligation to Cowan, for the payment of this money is a joint one, and 'grima facie, the consideration went into the hands of each. And in addition to this, the expressions used in the obligation, indicate strongly that each party had a portion of the money in his hands. Its language is, “inasmuch as we have the money in our hands at this time, and Cowan hath given us control of said children, as guardians, until they become of age.” Here is an express statement, that both had the money, and both were to act as guardians of the children. From the face of the instrument, it may be safely concluded that each party was to be equally bound, as between themselves, for the re-payment of this money, unless the defendant could remove this presumption, by satisfactory proof, that he was only surety. But this is not done by the proof in the record. On the contrary, it may be safely assumed, that the facts proved, rather fortify than weaken this conclusion. It is unnecessary to refer to the evidence minutely.
We are satisfied that the defendant was not merely the sure- *70 iy for the complainant, but that he received a portion of the effects of this estate into his hands, and should, as between these parties, contribute equally to discharge this obligation.
Affirm the decree.